

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-20-2006

# Nelson v. Hill

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5138

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Nelson v. Hill" (2006). *2006 Decisions.* Paper 60.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/60

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-5138
_____

TERRY NELSON, Appellant

v.

GEORGE W. HILL; J.D. CAULFIELD; TOM SAVAGE; M. LEVANDOWSKI, Major;
V. LAT; S. HARDGROVE, Each individually and collectively, in their official
capacities; ANNA BATES
_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 04-cv-00910)
District Judge:  Honorable Legrome D. Davis
_____

Submitted Under Third Circuit LAR 34.1(a)
September 21, 2006

Before: RENDELL, AMBRO and ROTH, <u>Circuit Judges</u>

(Filed:  December 20, 2006)
_____

OPINION
_____

PER CURIAM

        Terry Nelson, a prisoner proceeding <u>pro se</u>, filed this complaint in the

United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C.

§ 1983.  The complaint arises from circumstances occurring while Nelson was

imprisoned at the Delaware County Prison. The complaint brings claims against George W. Hill, superintendent; Tom Savage, deputy warden; Major M. Levandowski, chief of security; and Anna Bates, lieutenant.[1] Nelson asserts that the Defendants have violated his civil rights by: (1) denying him cigarettes and/or a tobacco supplement to help with his nicotine addiction (Claim I); (2) arbitrarily and capriciously handing out discipline (Claim II); and (3) providing inadequate prison conditions while he was a pretrial detainee (Claim III).[2]

Defendants Hill, Savage, Levandowski and Bates successfully moved for summary judgment in the District Court. With respect to Claim III, the District Court found that the Defendants were entitled to qualified immunity. The District Court separately analyzed Claims I and II and granted summary judgment in favor of the

---

[1] Nelson's complaint also raises claims against J.D. Caulfield, S. Hardgrove and V. Lat. The District Court dismissed the claims against these Defendants without prejudice pursuant to Federal Rule of Civil Procedure 4(m) for failure to serve. Nelson does not argue on appeal that this dismissal without prejudice was improper. Therefore, any argument Nelson could have with respect to their dismissal from the action is deemed waived. See e.g., Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 192 (3d Cir. 2005).

[2] In the complaint, Nelson also alleges that the Defendants violated his civil rights by inadequately providing him access to the prison law library. However, Nelson does not make any argument on appeal that the District Court improperly granted summary judgment in favor of the Defendants on this claim. Thus, any argument Nelson could have with respect to this claim is deemed waived. See Harvey, 421 F.3d at 192. Furthermore, the complaint also asserts an Eighth Amendment claim against the Defendants regarding the prison conditions after Nelson was convicted in August 2004. The District Court granted summary judgment in favor of the Defendants on this claim and Nelson does not contest this ruling on appeal. Thus, any argument Nelson could have with respect to this claim is also deemed waived. See id.

Defendants.[3]

We review the grant of summary judgment <u>de novo</u>. <u>See</u> <u>McGreevy v. Stroup</u>, 413 F.3d 359, 363 (3d Cir. 2005). Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. <u>See</u> <u>Saldana v. Kmart Corp.</u>, 260 F.3d 228, 232 (3d Cir. 2001); FED. R. CIV. P. 56(c).

In Claim II, Nelson argues that the Defendants violated his constitutional rights by subjecting him to arbitrary and capricious discipline. Nelson notes several times that he was locked in his cell for short periods of time "without warning or a disciplinary hearing." We note that in determining whether restrictions are reasonably related to the government's interest in maintaining order and operating a prison in a manageable fashion, such restrictions are generally within the expertise of the prison officials. <u>See</u> <u>Bell v. Wolfish</u>, 441 U.S. 520, 540 n.23 (1979). In the absence of substantial evidence in the record to indicate that officials exaggerated their response, we should normally defer to the prison official's judgment. <u>See</u> <u>id.</u> We agree with the District Court that Nelson

---

[3] Alternatively, the District Court held that summary judgment was warranted because Nelson failed to show the personal involvement of Defendants Hill, Savage, Levandowski and Bates with respect to all three of the claims on appeal. <u>See</u> <u>Hampton v. Holmesburg Prison Officials</u>, 546 F.2d 1077, 1082 (3d Cir. 1976). We agree with this holding with respect to Defendants Hill, Savage and Levandowski on all three claims and to Defendant Bates with respect to Claim I. Indeed, as to Defendants Hill, Savage, and Levandowski, Nelson proceeds purely on a *respondeat superior* theory, which we have held is unavailing. <u>Hampton v. Holmsbrug Prison Officials</u>, 546 F.2d 1077, 1082 (3d Cir. 1976). As to Defendant Bates, Nelson has provided no evidence of her involvement in denying him cigarettes or nicotine supplements. Thus, we will limit our remaining discussion only to Claims II and III.

has failed to show that locking him in his general population cell was an exaggerated response.[4] Thus, summary judgment was properly entered with respect to Claim II.

With respect to Claim III, Nelson alleges that he was forced to sleep on a mattress on the floor of a cell meant for two prisoners ("triple-celling") and that he was subjected to cold cell temperatures while he was a pretrial detainee. In the pretrial detainee setting, a claim asserting unconstitutional conditions of confinement is reviewed pursuant to the Due Process Clause. See Hubbard v. Taylor, 399 F.3d 150, 158 (3d Cir. 2005). The test is whether the challenged conditions amount to punishment under the Due Process Clause. See id. Absent a showing of express intent to punish, the determination will normally turn on whether the conditions have an alternative purpose and whether the conditions appear excessive in relation to that purpose. See id. (citing Bell, 441 U.S. at 538-39). The inquiry into whether given prison conditions constitute punishment under the Due Process Clause considers the totality of the circumstances within a given institution. Hubbard, 339 F.3d at 160.

Ultimately, the District Court found that the Defendants were entitled to

---

[4] In the complaint, Nelson also alludes to being placed in a disciplinary unit after he violated prison rules by possessing cigarettes. A disciplinary hearing was held and Nelson was found guilty and sentenced to twenty days in the disciplinary unit. Nelson ultimately spent twenty-four days in the disciplinary unit. However, Nelson has not shown any personal involvement of any of the Defendants regarding this additional time spent in the disciplinary unit. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); Hampton, 546 F.2d at 1082. Thus, to the extent Nelson includes this claim as part of Claim II, summary judgment was properly entered in favor of the Defendants.

4

qualified immunity with respect to Claim III. For the following reasons, we agree.[5] A two-part test is used to determine whether an official is entitled to qualified immunity. See Saucier v. Katz, 533 U.S. 194, 200-02 (2001). First, a court must determine whether the official's conduct violated a constitutional right. See id. at 201. Second, a court must determine whether the constitutional right was clearly established at the time of the official's action. See id. A government official can be held liable for official action only where the contours of the particular right allegedly violated are sufficiently clear that a "reasonable official would understand that what he is doing violates that right." Anderson v. Creighton, 483 U.S. 635, 640 (1987). To determine this, the facts of the case are analyzed in light of the relevant case law existing at the time of the alleged conduct. See McLaughlin v. Watson, 271 F.3d 566, 572 (3d Cir. 2001). "The qualified immunity standard 'gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law.'" Gilles v. Davis, 427 F.3d 197, 203 (3d Cir. 2005)(quoting Hunter v. Bryant, 502 U.S. 224, 229 (1991)).

In his brief, Nelson argues that his rights associated with "triple-celling" were sufficiently clear at the time of the Defendants' actions based on Union County Jail Inmates v. Di Buono, 713 F.2d 984 (3d Cir. 1983). Recently, this Court re-examined Union County and found that its discussion of "triple-celling" was dicta. See Hubbard,

---

[5] Our finding that defendants are entitled to qualified immunity is limited to claims brought against them in their individual capacity. However, any claim that Nelson may have against defendants in their official capacity is deemed waived, as he has failed to raise it on appeal. See Harvey, 421 F.3d at 192.

399 F.3d at 163. In <u>Hubbard</u>, however, we declined to address the issue of "triple-celling" in the pretrial detainee context. We remanded the matter back to the District Court because the District Court had improperly applied the Eighth Amendment standard when it should have applied the Due Process Clause standard. <u>See</u> <u>id.</u> at 166-67. Therefore, in the context of this case, we find that the issue of "triple-celling" in the pretrial detainee context was not clearly established at the time of the Defendants' actions. Additionally, this Court has not set forth the precise contours of whether cold temperature, in and of itself, is enough to establish a due process claim in the pretrial detainee context. <u>But</u> <u>see</u> <u>Antonelli v. Sheahan</u>, 81 F.3d 1422, 1433 (7th Cir. 1996)(stating that cold temperatures in prison and failing to provide blankets states a claim under the Due Process Clause).[6] As such, we agree that summary judgment was properly entered on this claim.

In conclusion, we will affirm the grant of summary judgment in favor of the Defendants.

---

[6] Even if the law with respect to cold cell temperatures was sufficiently clear at the time the Defendants acted, summary judgment would still be proper on this claim. The Defendants noted that the prison temperature is centrally controlled by a computer at seventy degrees Fahrenheit at all times. Furthermore, Nelson has not come forward with evidence that the Defendants failed to provide proper attire or blankets to combat the purported cold cell temperatures.